UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA SMITH, individually and as the
Personal Representative of the Estate of
Rena Johnson, a/k/a Renee Johnson,
dec'd & on behalf of all other persons
similarly situated,

        Plaintiff,

CASE NO. 15-CV-13387
v.                         HONORABLE GEORGE CARAM STEEH

DELTA FUNDING CORP., WELLS FARGO
BANK, N.A., successor by merger to Wells
Fargo Bank Minnesota, N.A., as Trustee
f/k/a Northwest Bank Minnesota, N.A., as
Trustee for the registered holders of
Renaissance Home Equity Loan Asset-
Backed Certificates, Series 2004-1,
Advantage Investors Mortgage Corporation,
WAYNE COUNTY, MI SHERIFF and
WAYNE COUNTY, MI REGISTER OF
DEEDS,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DOC. # 7)

Plaintiff Felicia Smith ("plaintiff") filed a three-count complaint in Wayne County Circuit Court, phrased as follows:

    Count I-    Complaint To Set Aside Real Estate Mortgage Foreclosure Sale Against Defendants Wells Fargo, Wayne County Sheriff & Wayne County Register Of Deeds, Only

    Count II-    Individual & Class Action Complaint For Damages For Violating The Federal Fair Housing Act, The Federal Equal Credit Opportunity Act,

-1-

|  | The Michigan Consumer Mortgage Protection Act And The Michigan Mortgage Brokers, Lenders, And Servicers Licensing Act Against Defendants Delta Funding, Advantage & Wells Fargo, Only |
|---|---|
| Count III- | Complaint For Modification Of Real Estate Mortgage Against Defendant Wells Fargo, Only |

Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Northwest Bank Minnesota, N.A., as Trustee for the registered holders of Renaissance Home Equity Loan Asset-Backed Certificates, Series 2004-1 ("Trustee"), removed the action to this court.  *See* (Doc. #1, Notice of Removal; Doc. #6, Amended Notice of Removal).  Now before the court is plaintiff's motion to remand.  (Doc. #7).  The court set a briefing schedule and dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The briefing is complete.  For the reasons that follow, the motion will be denied.

## I. BACKGROUND

The Trustee removed this action on the basis of both original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and complete diversity pursuant to 28 U.S.C. § 1332.  At the time the notice of removal and the amended notice of removal were filed, no other defendants but the Trustee had been served.  (Doc. #6 at 3).

Plaintiff contends that the remaining defendants were served with the state court complaint, but offers no supporting proof. The Trustee attached a copy of the state court docket as an exhibit to the notice of removal, and the docket does not show that any of the defendants, including the Trustee, were ever served.  (Doc. #1-3 at 2).  In fact, the Trustee

says that it found out about this action when plaintiff's counsel attached the lawsuit as an exhibit in a state court eviction action, not through service of process. (Doc. #10 at 2).

Plaintiff seeks to remand to state court arguing (1) that the Trustee failed to seek concurrence from the non-removing defendants who were properly served with the state court complaint and (2) the Wayne County defendants were not fraudulently joined.

The Trustee opposes plaintiff's motion to remand. The Trustee argues that consent of the remaining defendants was not necessary because they had not been served at the time of removal. In addition, the Trustee contends that the Wayne County defendants were fraudulently joined, and, therefore, the Trustee was not required to obtain their consent because their citizenship is disregarded for diversity purposes.

## II. LEGAL STANDARD

To determine whether an action is properly removed, the court looks to the complaint at the time of removal. *Ahearn v. Charter Twp. of West Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). "Removing defendants bear the burden of establishing federal subject-matter jurisdiction." *Id.* (citations omitted). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For proper removal based on diversity of citizenship, the action must be between citizens of different states, and the amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. § 1332.

## III. DISCUSSION

A. Consent of Non-Removing Defendants

First, plaintiff argues that this action must be remanded to state court because the Trustee did not obtain the consent of the non-removing defendants who were properly

served in the state court action. As explained, the Trustee responds that it was not required to obtain the consent of the non-removing defendants because, at the time the action was removed, the non-removing defendants had not been served. The Trustee has the better of the argument.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), when an action is removed from state court to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). However, there are exceptions to the general rule that all defendants must join or consent to the removal petition. These exceptions arise when "(1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, n.9 (6th Cir. 1994) (Table) (citation omitted); *Uppal v. Electronic Data Sys.*, 316 F.Supp.2d 531, 534 n.2 (E.D. Mich. 2004) (Cohn, J.).

Here, although plaintiff claims to have served the non-removing defendants, there is no evidence that they were indeed served. In fact, nothing in the state court docket shows that plaintiff served any of the defendants, including the Trustee. Nor does the docket in this court show that any of the defendants have been served. Thus, the Trustee is correct that it was not required to obtain the consent of the non-removing defendants at the time of removal.

Plaintiff points out that she has now served the non-removing defendants, albeit after the Trustee's notice of removal, and, therefore, the Trustee must obtain their consent. This argument does not have any merit. At the time the Trustee removed the action to this court, the non-removing defendants had not been served. By the explicit terms of 28 U.S.C. § 1446(b)(2)(A), therefore, the Trustee did not have to obtain the consent of the non-removing defendants. Service of process on the non-removing defendants after the Trustee removed gives those defendants the opportunity to contest the removal within 30 days after being served. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir. 1999) (citing 28 U.S.C. § 1446(b)). But it does not affect the Trustee's already-filed removal petition.

B. Fraudulent Joinder

Next, the Trustee argues that the court should disregard the Wayne County defendants' citizenship when determining whether there is diversity of citizenship because those defendants were fraudulently joined. Plaintiff responds that the Wayne County defendants were not fraudulently joined and are necessary to providing plaintiff with the relief requested in the compliant.

The court does not decide whether the Wayne County defendants were fraudulently joined because, in addition to alleging diversity jurisdiction, the Trustee removed on the basis of federal question jurisdiction. Count II of plaintiff's complaint alleges violations of the Federal Fair Housing Act and the Federal Equal Credit Opportunity Act. The court, therefore, has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court also has supplemental jurisdiction over the state law claims and additional parties pursuant

to 28 U.S.C. § 1337. Accordingly, it does not matter whether the Wayne County defendants were fraudulently joined. The court has subject-matter jurisdiction to proceed.

## IV. CONCLUSION

For the reasons stated above, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: December 3, 2015

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 3, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---