UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA SMITH, individually and as the
Personal Representative of the Estate of
Rena Johnson, a/k/a Renee Johnson,
dec'd & on behalf of all other persons
similarly situated,

    Plaintiff,

v.

    CASE NO. 15-CV-13387
    HONORABLE GEORGE CARAM STEEH

DELTA FUNDING CORP., WELLS FARGO
BANK, N.A., successor by merger to Wells
Fargo Bank Minnesota, N.A., as Trustee
f/k/a Northwest Bank Minnesota, N.A., as
Trustee for the registered holders of
Renaissance Home Equity Loan Asset-
Backed Certificates, Series 2004-1,
Advantage Investors Mortgage Corporation,
WAYNE COUNTY, MI SHERIFF and
WAYNE COUNTY, MI REGISTER OF
DEEDS,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS'
## MOTIONS TO DISMISS (DOCS. #3, 11)

Plaintiff Felicia Smith ("plaintiff") filed a three-count complaint in Wayne County Circuit Court, phrased as follows:

  Count I-  Complaint To Set Aside Real Estate Mortgage Foreclosure Sale Against Defendants Wells Fargo, Wayne County Sheriff & Wayne County Register Of Deeds, Only

  Count II-  Individual & Class Action Complaint For Damages For Violating The Federal Fair Housing Act, The Federal Equal Credit Opportunity Act, The Michigan Consumer Mortgage Protection Act And The Michigan

-1-

                    Mortgage Brokers, Lenders, And Servicers Licensing Act Against Defendants Delta Funding, Advantage & Wells Fargo, Only

Count III-    Complaint For Modification Of Real Estate Mortgage Against Defendant Wells Fargo, Only

Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Northwest Bank Minnesota, N.A., as Trustee for the registered holders of Renaissance Home Equity Loan Asset-Backed Certificates, Series 2004-1 ("Trustee"), removed the action to this court. *See* (Doc. #1, Notice of Removal; Doc. #6, Amended Notice of Removal).

Now before the court is the Trustee's motion to dismiss (Doc. #3), as well as the Wayne County defendants' motion to dismiss (Doc. #11). The court held oral argument on the motions on January 12, 2016. For the reasons that follow, the motions will be granted.

In addition, plaintiff has not established that defendant Delta Funding Corporation ("Delta") has been served with the summons and complaint. Thus, the claims against Delta will also be dismissed.

## I. BACKGROUND

This action arises out of a mortgage foreclosure and sheriff's sale of the property located at 5160 Glenis Street, Dearborn Heights, Wayne County, Michigan (the "property"). Plaintiff's mother, Rena Johnson ("Rena"), owned the property in 2003. At that time, the property was encumbered by an existing mortgage in the amount of $37,348.00. However, in late 2003, Johnson wanted to refinance the property. Thus, she and her husband, Kenneth Smith ("Kenneth"), obtained a loan from Delta in the amount of $83,000.00. The loan was secured by a mortgage on the property, held by Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Delta. The mortgage, recorded in the

Wayne County Register of Deeds, was signed by Rena and Kenneth, and both of them were the "Borrowers." However, Rena was the sole owner of the property.

At the time Rena and Kenneth obtained the loan from Delta, they falsely represented that they were legally married. The recorded mortgage contains a handwritten addition identifying Rena and Kenneth as husband and wife.

In 2011, Rena died intestate. Plaintiff, in her capacity as personal representative of Rena's estate, quit-claimed the property from Rena to herself in August of 2014.

In October 2014, MERS, as nominee for Delta, assigned the mortgage on the property to the Trustee. The assignment was recorded in the Wayne County Register of Deeds.

At some point, repayment on the mortgage loan stopped. Therefore, the Trustee accelerated the indebtedness. In addition, the Trustee, through its foreclosure counsel, initiated foreclosure-by-advertisement proceedings in January of 2015. Notices of foreclosure, addressed to Rena and Kenneth (but not to plaintiff), were published in the Detroit Legal News for four consecutive weeks, and a notice of foreclosure was posted in a conspicuous place on the property.

A sheriff's sale occurred on February 12, 2015. The property was sold to the Trustee at the sheriff's sale. The redemption period expired on August 12, 2015. Neither Kenneth nor plaintiff redeemed the property.

Plaintiff filed this lawsuit in Wayne County Circuit Court in September, 2015. The Trustee removed the action to this court, and, subsequently, the court denied plaintiff's motion to remand to state court. As explained above, the Trustee and Wayne County

defendants have filed motions to dismiss and/or for summary judgment. The court's decision follows.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) requires an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, the complaint must be construed in favor of the plaintiff, with the allegations of the complaint accepted as true, to determine whether plaintiff's factual allegations present plausible claims. 550 U.S. 544, 554–56 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citations omitted). Although the complaint need not contain "detailed" factual allegations, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted).

### B. Fed. R. Civ. P. 56(c)

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in

the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence from which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### III. DISCUSSION

Plaintiff makes multiple arguments in an attempt to avoid dismissal and summary judgment. The court addresses each argument in turn, as it relates to each particular count.

A. Count I- Set Aside Mortgage Foreclosure (Against Trustee and Wayne County defendants)

Plaintiff contends that she stated a valid claim to set aside the completed mortgage foreclosure on the property. Plaintiff argues that, as Rena's legal heir, she was entitled to notice of the foreclosure proceedings, and, because she did not receive notice of the proceedings, she was prejudiced. She therefore asks that the sheriff's sale be set aside.

"Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law." *Conlin v. MERS, Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citations omitted). Pursuant to statute, in most instances (including this case), a mortgagor has six months after the sheriff's sale to redeem the property sold at the sheriff's sale. Mich. Comp. Laws § 600.3240(8) (December 2014). When the redemption period lapses, "however, the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Conlin*, 714 F.3d at 359 (citations omitted). After the statutory redemption period expires, the mortgagor has to meet a high standard to set aside the foreclosure sale: the mortgagor must make "a clear showing of fraud, or irregularity." *Id.* (citing *Schulthies v. Barron*, 16

Mich.App. 246, 167 N.W.2d 784, 785 (1969); *Sweet Air Inv., Inc. v. Kenney*, 275 Mich.App. 492, 739 N.W.2d 656, 659 (2007)). Moreover, the fraud or irregularity must relate to the foreclosure procedure itself. *Id.* at 360 (citations omitted).

If a mortgagor establishes fraud or irregularity relating to the foreclosure procedure itself, the mortgagor must also establish prejudice resulting from the fraud or irregularity. *Bernard v. Fed. Nat'l Mortg. Ass'n*, 587 F.App'x 266, 269 (6th Cir. 2014). The plaintiff must affirmatively plead prejudice. *Griffin v. JPMorgan Chase Bank, N.A.*, No. 2:13-cv-10002, 2013 WL 6587870, at *4 (E.D. Mich. Dec. 16, 2013). As the Michigan Supreme Court recently ruled, "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable." *Conlin*, 714 F.3d at 361 (citing *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012)). To establish that a foreclosure sale is voidable, i.e. the necessary prejudice under Michigan law, the mortgagor "must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. "Loss of title alone to the property is insufficient prejudice." *Thompson v. JPMorgan Chase Bank, N.A.*, 563 F.App'x 440, 442 (6th Cir. 2014).

Relying on *Oades v. Standard Savings & Loan Association*, plaintiff argues that the notice of foreclosure (addressed to Rena and Kenneth) was insufficient because, as Rena's heir, plaintiff was personally entitled to notice of the foreclosure proceedings. 257 Mich. 469, 241 N.W. 262 (1932). *Oades*, however, is distinguishable from this case.

In *Oades*, the plaintiffs — husband and wife — defaulted on a mortgage loan. *Id.* at 263. Foreclosure by advertisement proceedings were initiated and completed on the

property secured by the mortgage. *Id.* The notice of foreclosure named the husband, but it did not name the wife, despite the fact that she had her dower interest in the property. *Id.* The Michigan Supreme Court, citing black letter law that "the right of redemption or dower of a wife is not barred by a foreclosure decree," held that "in executing a mortgage of land belonging to the husband, the wife gives a lien on her contingent estate of dower and is a mortgagor." *Id.* at 264 (citation omitted). As such, the Court held that the foreclosure proceedings were "void for failure to name the wife as a mortgagor in the notice." *Id.* at 264.

Here, unlike *Oades*, plaintiff does not have a dower interest in the property as the wife of the named mortgagor. Instead, she is the daughter of one of the mortgagor's who happened to have passed away prior to foreclosure proceedings. Nothing in *Oades* stands for the proposition that all heirs and potential heirs of a mortgagor are entitled to notice of foreclosure proceedings. A wife's dower interest is a different type of interest than an heir or potential heir. Indeed, the Michigan Legislature did not specifically include heirs of a mortgagor as persons entitled to notice of foreclosure proceedings. *See* Mich. Comp. Laws § 600.3212 (December 22, 2011). The statute requires notice of a foreclosure by advertisement to include, among other things, "[t]he names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any." *Id.* Nothing in the statute requires notice to a mortgagor's heirs or potential heirs and assigns.

Moreover, unfortunately for plaintiff, to the extent that *Oades* supports her argument, it cannot be squared with the Michigan Supreme Court's recent decision in *Kim*. Even if *Oades* requires notice of the foreclosure by advertisement to include plaintiff's name, it's holding that foreclosure proceedings are void as a result of a procedural notice defect is

no longer good law after *Kim*. The Court made clear in *Kim* that procedural irregularities in a foreclosure proceeding do not result in voiding *ab initio* the foreclosure proceedings; rather, the foreclosure proceedings are *voidable*, only upon a showing by the plaintiff of prejudice. And in this case, plaintiff has neither alleged nor established the requisite prejudice that *Kim* found was sufficient to set aside a completed foreclosure sale. In other words, plaintiff has not established that she would have been in a better position to preserve any interest she had in the property absent the alleged notice defect. This would require the plaintiff to allege and/or establish that, absent the alleged notice defect, she would have been in a position to pay the entire indebtedness on the loan. Not only has plaintiff failed to allege such prejudice, her failure to pay any of the monthly repayments on the loan, and her inaction during the redemption period, belie any claim of prejudice as a result of the alleged notice defect.

Plaintiff contends that she is prejudiced because, if she had received notice, she would be able to pay the delinquent monthly installments during the redemption period. That, however, is not enough under *Kim*. The full amount of the balance due on the loan was accelerated due to nonpayment of the loan, and the Trustee acted within its rights to accelerate the indebtedness. Plaintiff has not established, let alone alleged, that she would have been able to pay off this entire balance if her name was included in the notices. That she may have been able to make monthly payments is irrelevant given that the entirety of the indebtedness was accelerated. Thus, plaintiff has not shown the requisite prejudice under *Kim*.

For these reasons, the Trustee and the Wayne County defendants are entitled to dismissal of Count I.

An additional reason for dismissal of Count I against the Wayne County defendants is that the only allegation in the complaint against them is that the Wayne County Register of Deeds recorded the sheriff's deed after the foreclosure sale. This allegation fails to state a claim upon which relief can be granted against the Wayne County defendants. The Wayne County defendants do not claim any interest to the property, and, as such, are not proper defendants in seeking to set aside a foreclosure sale. Indeed, at the hearing, plaintiff's counsel conceded that the Wayne County defendants did not do anything wrong.

> B. Count II- Damages For Violating The Federal Fair Housing Act, The Federal Equal Credit Opportunity Act, The Michigan Consumer Mortgage Protection Act And The Michigan Mortgage Brokers, Lenders, And Servicers Licensing Act (against Delta and Trustee)

Next, Count II of plaintiff's complaint alleges that defendants and their predecessors participated in discriminatory lending practices between 2003 and 2006 through a "course of conduct by the loan originators and brokers that involved invidious discrimination against protected classes through the imposition of loan fees and interest rates that were far above the market rate." Pl's. Resp. Br. at 21. Although plaintiff has not filed a motion to certify a class, the complaint seeks to proceed on Count II on a classwide basis.

The Trustee seeks dismissal of Count II on the grounds that (1) the Truth in Lending Act's one-year statute of limitations bars plaintiff's TILA claim,[1] and (2) the remaining statutory allegations are deficiently pled. The court agrees.

---

[1] It is not clear from the face of the complaint that plaintiff is alleging a TILA violation. However, the Trustee seeks dismissal of a "TILA" claim, and plaintiff responds that the TILA claim should not be dismissed. Indeed, in responding to the Trustee's motion to dismiss Count II, it appears that the *only* claim plaintiff intended to raise in Count II is a TILA claim. Thus, the court construes plaintiff's complaint as alleging a TILA violation in Count II.

First, as to any purported TILA claim raised by plaintiff, it is barred by TILA's one-year statute of limitations period. *See* 15 U.S.C. § 1640(e). Plaintiff agrees that there is a one-year statute of limitations period. However, plaintiff argues that equitable tolling applies because the discriminatory conduct alleged in the complaint was extensive and exploitative of an entire class of persons, none of whom were in a position to recognize the classwide effect of defendants' conduct. Plaintiff does not meet the Sixth Circuit's standard regarding equitable tolling.

Under Sixth Circuit precedent, equitable tolling is available if a plaintiff shows "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). The effect of equitable tolling is that the one-year period begins running "from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Thielen v. GMAC Mortg. Corp.*, 671 F.Supp.2d 947, 953 (E.D. Mich. 2009) (citation omitted).

Here, plaintiff has not alleged any wrongful concealment by any of the defendants. To the contrary, the complaint alleges that mortgage lenders in the industry generally were marketing high interest, non-conforming home mortgage loans to minority borrowers during the alleged time period (2003 to 2006). Plaintiff's complaint fails to plead fraud with particularity, pursuant to Federal Rule of Civil Procedure 9(b), against any of the defendants. In addition, there are no allegations that plaintiff was diligent in attempting to discover the alleged discriminatory conduct. Equitable tolling simply does not apply.

Moreover, even if equitable tolling applied, plaintiff has not alleged a plausible TILA violation against the Trustee. TILA requires certain disclosures during lending transactions. *See* 15 U.S.C. §§ 1638–1639. Plaintiff seeks to hold the Trustee liable because it "should have known about the discrimination from all of the disclosure statements that were assigned to it." Pl's. Resp. Br. at 22. However, plaintiff has not sufficiently alleged assignee liability, i.e. "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction. . . ." *See* 15 U.S.C. § 1641(e)(1). Indeed, the crux of the allegations in Count II are that it was not apparent on the face of any disclosure statements that discrimination had occurred. The TILA claim is subject to dismissal.

Second, as to any remaining claims alleged in Count II, plaintiff does not respond to the Trustee's motion to dismiss. The court agrees with the Trustee that any federal claims purportedly asserted in Count II, beyond the TILA claim, are insufficiently pled. Plaintiff's allegations regarding these additional claims are conclusory. Thus, Count II will be dismissed.

C.   Count III- Modification of Mortgage

Finally, in Count III, plaintiff asks the court for a modification of the mortgage that was in place prior to the foreclosure sale. Plaintiff makes clear that Count III is not a freestanding claim. Instead, plaintiff seeks modification of the mortgage as a remedy for the Trustee's alleged violation of plaintiff's rights during the foreclosure proceedings. However, as explained above, plaintiff's substantive claims are all subject to dismissal. Therefore, Count III will also be dismissed because plaintiff is not entitled to the remedy she seeks, i.e. a modification of the mortgage.

## IV. CONCLUSION

For the reasons stated above, defendants' motions to dismiss and for summary judgment are GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

Dated: February 11, 2016

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---