UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA SMITH, individually and as the
Personal Representative of the Estate of
Rena Johnson, a/k/a Renee Johnson,
dec'd & on behalf of all other persons
similarly situated,

               Plaintiff,

v.

                                               CASE NO. 15-CV-13387
                                               HONORABLE GEORGE CARAM STEEH

DELTA FUNDING CORP., WELLS FARGO
BANK, N.A., successor by merger to Wells
Fargo Bank Minnesota, N.A., as Trustee
f/k/a Northwest Bank Minnesota, N.A., as
Trustee for the registered holders of
Renaissance Home Equity Loan Asset-
Backed Certificates, Series 2004-1,
Advantage Investors Mortgage Corporation,
WAYNE COUNTY, MI SHERIFF and WAYNE
COUNTY, MI REGISTER OF DEEDS,

               Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
<u>REHEARING OR RECONSIDERATION (DOC. 21)</u>

      On February 11, 2016, the Court issued an order (Doc. 19) granting motions to

dismiss filed by defendants Wells Fargo Bank, N.A. ("Trustee"), the Wayne County Sheriff,

and the Wayne County Register of Deeds (Docs. 3, 11). The Court also *sua sponte*

dismissed the claims against defendant Delta Funding Corporation ("Delta"). The Court

then issued a judgment in favor of the defendants (Doc. 20). Plaintiff Felicia Smith

("Plaintiff") subsequently filed a motion for rehearing or reconsideration of the Court's order

(Doc. 21). The Court, for the reasons explained below, will deny Plaintiff's motion.

## I. BACKGROUND[1]

This action arises out of a mortgage foreclosure and sale of the property located at 5160 Glenis Street, Dearborn Heights, Wayne County, Michigan (the "Property"). In 2003, Plaintiff's mother, Rena Johnson ("Rena"), owned the Property. Rena and her husband, Kenneth Smith ("Kenneth"), obtained a loan from Delta in the amount of $83,000.00. The loan was secured by a mortgage on the Property, which was initially held by Mortgage Electronic Registration Systems, Inc., solely as nominee for Delta, and then later assigned to Trustee. The mortgage was signed by Rena and Kenneth, and both of them were the "Borrowers."  However, Rena was the sole owner of the Property.

In 2011, Rena died intestate. Plaintiff, in her capacity as personal representative of Rena's estate, quit-claimed the Property from Rena to herself in August of 2014. At some point, repayment on the mortgage loan stopped. Trustee therefore accelerated the loan, and Trustee subsequently initiated foreclosure-by-advertisement proceedings. At the foreclosure sale, the Property was sold to Trustee. Plaintiff failed to redeem the Property during the redemption period.

In the present action, Plaintiff alleges that the sale was invalid because Trustee failed to provide adequate notice of foreclosure. Under Michigan's foreclosure-by-advertisement statute, a notice of foreclosure must include, *inter alia*, the name of the "mortgagor." Mich. Comp. Laws § 600.3212(a). Trustee gave notice, and the notice included Rena's and Kenneth's names, but the notice did not include Plaintiff's name.

---

[1] The facts are set forth in greater detail in the Court's order granting the defendants' motions to dismiss (Doc. 19).

Plaintiff contends that she, as Rena's heir, is a "mortgagor" within the meaning of the statute and that therefore the notice was invalid.

In the order granting defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court held that Plaintiff was not a "mortgagor" within the meaning of the foreclosure-by-advertisement statute. The Court also held, based on the facts alleged in the complaint, that even if Plaintiff were a "mortgagor" and even if the notice were therefore deficient, the improper notice would not have rendered the foreclosure sale voidable because Plaintiff was not prejudiced by the allegedly improper notice. Plaintiff, in her motion for reconsideration, contends that the Court was mistaken on both of these points.

## II. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that a court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III. DISCUSSION

A.    Plaintiff was not a "mortgagor" entitled to notice under the foreclosure-by-advertisement statute.

In her motion for reconsideration, Plaintiff claims that "this Court erred in ruling that Plaintiff did not have a right to notice of the foreclosure." As noted above, under Michigan's foreclosure-by-advertisement statute, an advertisement giving notice of foreclosure must contain the mortgagor's name. Mich. Comp. Laws § 600.3212. Plaintiff contends that even though she never signed or was personally bound by the mortgage agreement, she was a "mortgagor" within the meaning of the statute. Plaintiff therefore claims that the notice of foreclosure should have contained her name.

Plaintiff relies, as she did in her brief opposing the defendants' motions to dismiss (Doc. 9), on *Oades v. Standard Savings & Loan Ass'n*, 257 Mich. 469, 241 N.W. 262 (1932). In *Oades*, the plaintiffs, a married couple, executed a mortgage on a property owned by the husband. *Id.* at 471, 241 N.W. at 263. The wife's only interest in the property was her "inchoate dower interest." *Id.* The couple subsequently defaulted on the loan, and the defendant-mortgagee initiated foreclosure-by-advertisement proceedings. *Id.* The notice of foreclosure contained only the husband's name as a mortgagor even though both spouses had executed the mortgage agreement. *Id.* at 472, 241 N.W. at 263. The Michigan Supreme Court held that the resulting foreclosure sale was void because the notice of foreclosure failed to name the wife as a mortgagor. *Id.* at 475, 241 N.W. at 264. The reason the wife was a mortgagor was that "in executing a mortgage of land belonging to the husband, the wife g[ave] a lien on her contingent estate of dower." *Id.* at 474, 241 N.W. at 264.

Plaintiff argues that because she was Rena's heir, she had the same sort of "contingent" and "inchoate" interest in the Property that the wife in *Oades* had in her husband's property. Thus, Plaintiff contends, she was a mortgagor just as the wife in

-4-

*Oades* was a mortgagor. Plaintiff's argument lacks merit, as the Court already explained in its order granting the defendants' motions to dismiss.

The first reason Plaintiff's argument lacks merit is that an heir's *expectation* of inheritance is not analogous to a spouse's dower *interest*. An expectant heir has no interest in her ancestor's property. *See United States v. 477 Firearms*, 697 F. Supp. 2d 894, 900 (E.D. Mich. 2010) ("Michigan adheres to the black letter rule, *nemo est haeres viventis*, meaning 'no one can be an heir during the life of an ancestor.'" (quoting *In re Estate of Finlay*, 430 Mich. 590, 601 n.12, 424 N.W.2d 272, 277 n.12 (1988))). An expectant heir has "a mere expectancy interest." *In re Estate of Finlay*, 430 Mich. 590, 600, 424 N.W.2d 272, 277 (1988). "An expectancy or chance is a mere hope, unfounded in any limitation, provision, trust or legal act whatever . . . . This is sometimes said to be a bare or mere possibility, and, at other times, less than a possibility. . . . [I]t is no right at all . . . ." *Id.* at 600-01, 424 N.W.2d at 277 (internal quotation marks and citations omitted).[2]

A dowery interest, by contrast, is a true interest, even though it is contingent or inchoate. A wife's dowery interest is contingent or inchoate in two senses: First, the dowery interest only vests if the wife survives her husband, and second, it is not decided which portion of the husband's estate will be used to satisfy the wife's dowery interest until the

---

[2] In her motion for reconsideration, Plaintiff quotes the following language from *Michigan Trust Co. v. City of Grand Rapids*, 262 Mich. 547, 550; 247 N.W. 744, 745 (1933): "The title to personal property of decedent at his death passes to his executor or administrator upon appointment, and rests in them absolutely; but the title to real estate descends immediately to his heirs, subject to be divested for the payment of decedent's debts." This language simply explains how personal and real property are handled during the probate process. It says nothing about any interest that an expectant legatee or heir has in either real or personal property prior to the decedent's death. Thus, this case is irrelevant.

husband dies and the wife files a petition in court. *Zaher v. Miotke*, 300 Mich. App. 132, 142-43, 832 N.W.2d 266, 271 (2013). But even though the interest is contingent, it "is to be protected before . . . vesting." *Thomas v. Dutkavich*, 290 Mich. App. 393, 406, 803 N.W.2d 352, 359 (2010). A wife's dowery interest attaches to all real property that her husband obtains during the marriage, and "[n]o sole act of a husband can prejudice his wife's right to dower." *Id.* Thus, a husband cannot, for example, deprive his wife of her dowery interest by selling property prior to his death. *Id.*; *see also Zaher*, 300 Mich. App. at 151, 832 N.W.2d at 275 ("The [dowery] interest can be valued and recompensed so that [a husband's] improper transfer of a property interest without a wife's waiver of her inchoate dower interest can be enforced.").A wife can waive her dowery right in a piece of real property by acquiescing in a sale of the property. *Thomas*, 290 Mich. App. at 407, 803 N.W.2d at 359. But other than her own voluntary waiver, only an act of the state can deprive her of her dowery interest. *Id.*

It is clear, therefore, that *Oades* is distinguishable from the present case. The wife in *Oades* had a dowery interest in her husband's property, and when she executed the mortgage document with her husband, she mortgaged her dowery interest. Plaintiff, by contrast, had no interest in the Property until almost a decade after Rena and Kenneth mortgaged it. At the time the mortgage was signed, Plaintiff had (at most) a mere expectation of inheriting the Property. Any number of possibilities could have prevented Plaintiff from inheriting the Property. For example, Rena could have executed a will devising the Property to someone other than Plaintiff or she could have sold the Property or otherwise disposed of it prior to her death. Therefore, Plaintiff's expectancy of inheritance was not at all akin to the dowery interest in *Oades*.

The second reason that *Oades* is distinguishable from the present case is that Plaintiff, unlike the wife in *Oades*, never executed a mortgage agreement. The wife in *Oades* executed the mortgage agreement, and the court consequently held that the wife had mortgaged her own interest (the dowery interest) in her husband's property. Therefore, she was a proper mortgagor. Plaintiff, by contrast, never executed the mortgage agreement. Thus, even if she had some interest in the Property at the time it was mortgaged, Plaintiff would not have been a mortgagor.

> B.   Plaintiff's new prejudice argument is unavailing because Plaintiff forfeited the argument by failing to raise it earlier and because the disposition of the case would be the same even if the Court accepted Plaintiff's new argument.

In order for a mortgagor to obtain relief for a violation of the foreclosure-by-advertisement statute, the mortgagor must show that she was prejudiced by the violation. *See Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012). To establish prejudice, a mortgagor "must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Id.* at 116, 825 N.W.2d at 337. In her motion for reconsideration, Plaintiff argues that the Court erred in its determination that Plaintiff failed to make a sufficient claim of prejudice to survive the defendants' Rule 12(b)(6) motions. Plaintiff also asserts new allegations of prejudice, supported by several exhibits to her motion. Plaintiff's contentions are unavailing.

Plaintiff did not make any allegation of prejudice in her complaint, but rather claimed—incorrectly—that a foreclosure that fails to comply with the foreclosure-by-advertisement statute is void *ab initio*. *See* Compl. ¶¶ 36-37, Doc. 1-2. Even after Trustee filed its motion to dismiss, arguing that dismissal was appropriate under Rule 12(b)(6)

because, *inter alia*, Plaintiff had failed to allege prejudice, Plaintiff declined to amend her complaint to add an allegation of prejudice. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment as a matter of course within 21 days after service of a motion under Rule 12(b)). Instead of amending her complaint to add an allegation of prejudice, Plaintiff simply argued in her brief opposing the motions to dismiss that she was prejudiced. Specifically, Plaintiff argued that she was prejudiced by the purportedly improper notice because she would have been able to exercise her right to redeem "by paying monthly installments" had she received notice of the foreclosure. Although Plaintiff never pleaded this allegation of prejudice in her complaint, the Court addressed it, holding that the alleged harm was insufficient as a matter of law to constitute prejudice. Once a mortgagee has exercised the acceleration clause, the mortgagor cannot redeem a property by paying monthly installments. Since Plaintiff's only allegation of prejudice was that she was not able to redeem the Property by resuming the monthly payments, Plaintiff was not prejudiced. The Court now reaffirms that determination.[3]

---

[3] Plaintiff mischaracterizes the Court's reasoning when she states that the Court erred by "conclud[ing] that Plaintiff could *only* show prejudice if she could establish that she was able to pay the entire indebtedness on the loan during the redemption period" (emphasis added). There are many ways in which Plaintiff could have shown prejudice, as the Court acknowledged by citing the *Kim* standard. But Plaintiff's *only* allegation of prejudice was that she was deprived of her right to redeem. And the only stated basis for her allegation that she was deprived of her right to redeem was that she would have been able to redeem by paying monthly payments had she been aware of the foreclosure. The Court rightly rejected this allegation of prejudice as facially deficient, because it is not possible to redeem an accelerated mortgage by resuming monthly payments. Had Plaintiff alleged some other form of prejudice, as she now does, then the Court would have addressed that allegation, as appropriate.

Plaintiff now alleges a new form of prejudice. Specifically, Plaintiff alleges now that she "lost [an] opportunit[y]" to "obtain a mortgage modification" or cash settlement because of the purportedly deficient notice. Plaintiff attaches various exhibits as evidence that she could have received a mortgage modification.[4] Plaintiff's new allegations of prejudice may well be sufficient under the *Kim* standard. But Plaintiff could have made these arguments in her brief opposing the defendants' motions to dismiss and failed to do so, and thus these arguments are forfeited. *See In re Greektown Holdings, LLC*, 728 F.3d 567 (6th Cir. 2013) ("[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited." (quoting *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009)) (internal quotation marks omitted) (alteration in original)). More importantly, the Court will not entertain Plaintiff's contentions because she is not entitled to reconsideration unless she can "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). As explained in the section above, Plaintiff was not a "mortgagor" within the meaning of the foreclosure-by-advertisement statute and therefore her allegations fail to state a claim. Thus, even if the Court were to find that Plaintiff sufficiently alleged prejudice, the result would be the same: dismissal for failure to state a claim.

---

[4] These exhibits are irrelevant for the purpose of evaluating a Rule 12(b)(6) motion. *Cf. Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (explaining that in ruling on a Rule 12(b)(6) motion, a court should only consider documents that "part of the pleadings," which are usually "document[s] . . . referred to in the complaint and . . . central to the plaintiff's claim" (internal quotation marks and citation omitted)); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Therefore, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:  March 24, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 24, 2016, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk